VÉLEZ ET AL., PLAINTIFFS AND APPELLANTS, v. GUÁNICA CEN-
TRALE, DEFENDANT AND APPELLEE (SUCCESSORS OF BIANCHI,
INTERVENORS AND APPELLEES).

APPEAL from the District Court of Mayagüez in an Action
of Denial of Servitude.

No. 1843.—Decided December 20, 1918.

RIGHT OF WAY—DENIAL OF SERVITUDE—ESTOPPEL.—In this case the plaintiff con-
sented to a servitude of right of way over his tenement in consideration of
certain concessions which he made use of. More than ten years after the
concessionaire had made permanent construction in connection with the use
of the concession the plaintiff brings this action of denial of servitude. Held:
That the doctrine of estoppel was applicable and therefore that the said ac-
tion was barred.

The facts are stated in the opinion.

Mr. G. Casta Forés for the appellants.

Mr. F. Manuel Toro for the defendant-appellee.

Mr. Cayetano Coll y Cuchí for the intervenor-appellees.

MR. JUSTICE DEL TORO delivered the opinion of the court.

José Ramón Vélez Gastambide and his wife brought an
action of denial of servitude against Guánica Centrale in
the District Court of Mayagüez. The defendant answered
denying all and each of the allegations of the complaint. Suc-
cessors of Bianchi, a partnership interested in the suit, in-
tervened by leave of the court. The case was tried and on
the result of the pleadings and the evidence the court rendered
judgment dismissing the complaint. The present appeal was
taken from that judgment by the plaintiffs who, at the same
time, prosecuted another appeal from the final order of the
district court regarding the payment of the costs and attorney
fees.

The plaintiffs based their complaint on the following al-
legations: That they are the owners of the two rural prop-
erties described, situated in the wards of Cidra and Espino
of the municipal district of Añasco; that the defendant, a
corporation engaged in the manufacture of cane sugar, has
constructed a railroad track within the properties of the plain-

tiffs and erected over the Humetas River a bridge whose abutments rest on lands belonging to the plaintiffs, thus depriving them of the full enjoyment of their property. Clause VI of the complaint reads literally as follows:

"That the plaintiffs have not granted any title of servitude to the defendant, or to any of the tenements adjoining their properties, or to any of the lands included therein, and have never agreed to the establishment or continuation of a presumed servitude, nor received any compensation from the defendant or from any other person, natural or artificial, by way of indemnity, nor renounced in any manner the absolute ownership of their lands over which the said railroad passes."

Defendant Guanica Centrale is the lessee of the Successors of Bianchi. The latter alleged that they were the owners of the railroad from Añasco to Altosano which actually passes through the properties of the plaintiffs and that the consent of the plaintiffs, both to the laying of the track and the construction of the said bridge, was asked for and obtained.

The evidence showed that the railroad from Añasco to Altosano was built before the time of the San Ciriaco hurricane; that the hurricane destroyed a bridge which existed over the Humetas River; that in planning its reconstruction Engineer Skerret was of the opinion that it should be built elsewere; that it was so decided and as the new site called for the use of land belonging to plaintiff José Ramón Vélez Gastambide, the Successors of Bianchi asked for and obtained his consent thereto.

As to the manner in which the consent was given, the evidence is somewhat conflicting. Plaintiff José Ramón Gaztambide testified "that the Bianchis asked him to allow them to lay the track there, but he did not know how long it was to be used; that it was a mere matter of tolerance on his part; that there was no contract between them, and that he did not promise to pass any title of servitude, or of sale, or of anything. * * * " Later, after a long cross-examination by the attorney for the defendant, the witness concluded by saying

"that he assented to the laying of said track on the condition that he be guaranteed the use of a hand car to take merchandise to his house for his family, but when the Guánica Centrale purchased   *   *   * ; that they allowed him a car; that this was why he gave them permission to build the bridge, but the arrangement is not suitable; that they have not fulfilled the contract; that they failed to comply with the conditions upon which the grant of the right of way was based; that he brought suit because the conditions affecting the right of way were not carried out." And if we turn from the testimony of the plaintiff to that of witness Enrique Green for the defendant, we find that the latter describes the contract entered into, as follows: "The Successors of Bianchi asked José Ramón Vélez for his consent to the laying of the railroad track and there was an agreement in the office of Bianchi, where everything was arranged; that plaintiff was to have the hand car at his disposal day and night, at all hours, and was to have the use of the railroad without charge for hauling; that when the Successors of Bianchi leased their property to the Guánica Centrale one of the conditions was that the latter should respect the obligations contracted by Bianchi; that witness understood that plaintiffs had made use of the hand car, but as he went later to Mayagüez to live he is unable to say whether Guánica Centrale respected the condition or not. *   *   *." F. Manuel Toro, attorney for Guánica Centrale, testified "that Vélez made use of a hand car on the railroad to travel between his property and the town of Añasco and that witness knows that he hauled provisions and merchandise on the said car." Other witnesses testified, but we do not think it necessary to refer to their testimony. The testimony of plaintiff Vélez and Green is sufficiently enlightening.

So, taking into consideration the pleadings and the evidence, we are of the opinion that the district court was fully justified in dismissing the complaint. At least we must agree

with the said court that the doctrine of estoppel is applicable to the case.

This court considered the question at length in the case of *Torres et al* v. *Plazuela Sugar Co.* 24 P. R. R. 451. It was there held that the said doctrine did not apply because the defendant corporation was not a public-service corporation and because the plaintiff had received no benefit or compensation, the following jurisprudence being established:

"When there is no lawful consideration for a servitude of right of way and the owner of the servient tenement has received no benefit therefrom, the fact that he has consented thereto does not imply that he has forever renounced his absolute ownership."

In the present case the owner of the land was given compensation in return for permission to lay the track and construct the bridge and he has benefited by such compensation.

The element of time should be considered also in this case as well as the permanent nature of the improvement. For more than ten years the said track and the bridge have been where they now are, and the testimony of plaintiff Vélez Gaztambide that the bridge measures from sixty to seventy meters and was built at a place selected by the engineer as a suitable one for protection against floods, which had destroyed a former bridge located elsewhere, shows that the work was of a permanent and not of a temporary character.

As to the allowance in the judgment of the costs and attorney fees, we are of the opinion that it should be reversed. This is a doubtful point, especially in view of the case of *Torres* v. *Plazuela, supra,* and this complaint was filed months after the decision of that case.

Judgment should be rendered without special imposition of costs, and this being the case, the holding that the plaintiffs should pay the defendant's attorneys the sum of $150 is set aside.

In view of the foregoing the judgment appealed from should be affirmed except as to the pronouncement regarding

costs and attorney fees, and it is ordered that each of the parties pay his own costs, the order approving the memorandum of defendant's costs being reversed.

*Affirmed in part.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.